IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CHRIS X. UMBERGER,

   Plaintiff,

v.

NORA GILLESPIE, ORLANDO HARPER,
DR. TALABI, ROBERT COLVILLE,
CATHLEEN BUBASH, DR. MOUSA, and
JEFFREY MANNING,

   Defendants.

Civil Action No. 16-52
Judge Nora Barry Fischer/
Chief Magistrate Judge Maureen P. Kelly

Re: ECF No. 3

# REPORT AND RECOMMENDATION

## I. RECOMMENDATION

It is recommended that the Motion for Leave to Proceed In Forma Pauperis ("the IFP Motion"), ECF No. 3, be denied because Plaintiff has acquired three strikes and thus is not permitted to proceed in forma pauperis ("IFP") and his proposed Amended Complaint does not reveal imminent risk of serious physical injury given that he is no longer subject to the care and/or control of the Defendants because he is now incarcerated out of state.

## II. REPORT

Chris X. Umberger ("Plaintiff"),[1] is a prolific pro se litigant with a long history of filing

---

[1] We take judicial notice of the fact that Plaintiff has several aliases, including "Christopher Umberger" "Chris Umberger" "Chris L. Umberger" "Christopher Lee Umberger" and apparently most recently in the caption of this case: "Chris X. Umberger," even though the inmate account statement has his name as "Christopher L Umberger" ECF No. 1 at 2. Plaintiff was formerly a federal prisoner under the name of "Christopher Lee Umburger" according to the United States Bureau of Prisons Website, available at:

(… footnote continued)

prisoner civil rights suits dating back to the 1980's. Plaintiff is now a prisoner of the Commonwealth of Virginia, currently incarcerated in the Southwest Virginia Regional Jail ("SWVRJ").

Pursuant to the prisoner mail box rule, Plaintiff filed this action on January 6, 2016, when he signed the original Complaint. ECF No. 1-1 at 8. However, Plaintiff's original IFP Motion, ECF No. 1, was deficient. Accordingly, on January 26, 2016, the Court issued a Deficiency Order, directing Plaintiff to correct the deficiency and closing the case until he complied. ECF No. 2. It was not until June 24, 2016, that Plaintiff filed the present IFP Motion, ECF No. 3, and attached thereto a Proposed Amended Complaint, apparently signed on May 22, 2016. ECF No. 3-1 at 8. Plaintiff seeks to pursue a prisoner civil rights suit under 42 U.S.C. § 1983. However because he has at least three strikes, he is barred from proceeding IFP unless the proposed Amended Complaint, ECF No. 3-1, reveals imminent risk of serious physical injury. Given that Plaintiff was extradited to Virginia as of October 2, 2015,[2] and his claims in the proposed Amended Complaint all concern the time during which he was incarcerated here in the Allegheny County Jail prior to October 2, 2015, he cannot show imminent risk of serious physical injury arising from the Defendants in this lawsuit.

---

https://www.bop.gov/inmateloc/

(site last visited 7/5/2016). See also U.S.A. v. Christopher Umburger a/k/a Christopher Umberger, 452 F. App'x 362 (4th Cir. 2011); U.S.A. v. Umburger, 32 F. App'x 84, 85 n.* (4th Cir. 2002) ("The Appellant's name is alternatively spelled 'Umburger' and 'Umberger' throughout the record on appeal. For consistency, we use 'Umburger.'").

[2] Chris Umberger v. Harper, Civ.A. No. 15-1273 (W.D. Pa., ECF No. 11 at 1) (indicating that Petitioner was extradited to Virginia on October 2, 2015).

It is a plaintiff's burden to prove entitlement to IFP status. See White v. Gregory, 87 F.3d 429, 430 (10th Cir. 1996); New Assessment Program v. PNC Corp., No. Civ.A. 95-6059, 1995 WL 592588, at *1 (E.D. Pa. Oct. 3, 1995); In re Lassina, 261 B.R. 614, 618 (E.D. Pa. 2001) ("The applicant bears the burden of proving her entitlement to IFP relief by a preponderance of the evidence."). A Plaintiff who has three strikes, bears the burden of showing that he is in "imminent danger of serious physical injury." Bullock v. Berrier, No. CIV.A. 15-1J, 2015 WL 5439207, at *3 (W.D. Pa. Sept. 15, 2015) ("it is for this Court to resolve the question of whether Plaintiff has carried his burden to show imminent danger of serious physical injury.") (footnote omitted).

**A. Plaintiff Has Three Strikes.**

In considering Plaintiff's pending IFP Motion, this Court takes judicial notice of court records and dockets of the federal courts. DiNicola v. DiPaolo, 945 F. Supp. 848, 854 n.2 (W.D. Pa. 1996) (court is entitled to take judicial notice of public records). A review of the electronic dockets of these federal courts reveals that Plaintiff has accumulated at least "three strikes" within the contemplation of 28 U.S.C. § 1915(g)[2] which provides in relevant part that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

---

[2] Abdul-Akbar v. McKelvie, 239 F.3d 307, 310 (3d Cir. 2001) (noting that 28 U.S.C. § 1915(g) is "popularly known as the 'three strikes' rule"), cert. denied, 533 U.S. 953 (2001).

In this case, Plaintiff is a "prisoner" within the meaning of 28 U.S.C. § 1915(g).[3]

The three strikes are as follows: 1) <u>Chris Umberger v. Kamka</u>, No. 2:95-cv-738 (S.D.W.V., ECF No. 6, Order adopting Report and Recommendation, filed 9/19/1995 ordering that "Pltf's complaint is dismissed without prejudice as being frivolous within the meaning of 28 USC 1915(d)"); 2) <u>Christopher Umberger v. Brown</u>, No. 2:95-cv-694 (S.D.W.V., ECF No. 6, Order adopting Report and Recommendation, filed 9/8/1995 ordering "pltf's complaint dismissed with prejudice as being frivolous within the meaning of 28 USC 1915(d)")); 3) <u>Chris Umberger v. Hun</u>, No. 2:95-cv-688 (S.D.W.V., ECF No. 6, Order adopting Report and Recommendation, filed 9/8/1995 ordering "pltf's complaint dismissed with prejudice as being frivolous within the meaning of 28 USC 1915(d)"). In addition to these three strikes, Plaintiff has other strikes as well: <u>Chris Umberger v. Nolan</u>, No. 3:95-cv-41 (N.D.W.V., ECF No. 10 at 2, Order filed on 3/22/1996, dismissing the case) ("The Court agrees and finds that plaintiff has failed to state a claim upon which relief can be granted."); <u>Chris Umberger v. Gooden</u>, No. 3:95-cv-38 (N.D.W.V., ECF No. 12 at 2, Order filed on 3/14/1996, dismissing the case) ("Therefore the Court finds that the claim has no substance and is frivolous within the meaning of 28 U.S.C. § 1915(d)."). Accordingly, Plaintiff may not proceed in forma pauperis unless he can show "imminent danger of serious physical injury."

---

[3] The term prisoner as used in Section 1915 means "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h).

### B. Plaintiff Does Not Show Imminent Danger or Risk of Serious Physical Injury.

"Imminent danger" of serious physical injury is measured at the time of the filing of the civil action. Abdul-Abkar v. McKelvie, 239 F.3d 307 (3d Cir. 2001) (imminent danger of physical injury must be assessed as of the time of filing the complaint). It is on this ground that Plaintiff fails to carry his burden because Plaintiff complains of actions taken by the Defendants from roughly June, 2015, when he was arrested and shortly thereafter transferred to the Allegheny County Jail ("ACJ"), until October 2, 2015, when he was extradited to Virginia. However, he did not file the instant case until, at the earliest, January 6, 2016, when he signed his original Complaint. ECF No. 1-1 at 8.[4] It is clear that after Plaintiff was transferred out of state, he was no longer in imminent risk of serious physical injury at the hands of the Defendants, all of whom are located in Allegheny County.

In the proposed Amended Complaint, ECF No. 3-1, Plaintiff complains of the fact that he had an auto accident and was flown from Morgantown, West Virginia to UPMC Mercy Hospital for treatment. He further asserts that once he was in Pennsylvania, he was arrested on an extradition warrant, which arrest apparently occurred on June 30, 2015. Umberger v. Commonwealth, No. 2:15-cv-1053, (W.D. Pa. ECF No. 9, ¶ 1). Plaintiff asserts that once he was arrested and apparently transported to the ACJ, he came under the care of Doctors Talabi and Mousa, the physicians at the ACJ. ECF No. 3-1, ¶ 1. Plaintiff complains that these two

---

[4] We recognized that there is an issue as to whether the imminent danger should be measured as of the time that Plaintiff filed the original Complaint, ECF No. 1-1, *i.e.*, in January 2016, or as of the filing of the Proposed Amended Complaint, ECF No. 3-1, *i.e.*, in June 2016. We will assume that the proper measurement is the date of the filing of the original Complaint as that is the interpretation most favorable to Plaintiff.

physicians failed to properly and adequately treat Plaintiff. Id. ¶¶ 2 – 5. Plaintiff also complains that he fell down in the ACJ on June 30, 2015 or July 1, 2015 but was not given any medical assistance despite his complaints. Id. ¶¶ 6 – 7. As a consequence of this allegedly improper treatment, Plaintiff suffers severe ligament, muscle, and tendon damage. Id. ¶ 12.

In the proposed Amended Complaint, Plaintiff claims that he was made to suffer cruel and unusual punishment in violation of the Eighth Amendment. Id. ¶ 31. Plaintiff also complains that Judge Jeffrey Manning of the Court of Common Pleas of Allegheny County set Plaintiff's bail too high in violation of the Eighth Amendment. Id.¶ 33. By way of relief, Plaintiff seeks compensatory and punitive damages and immediate release. Id. at 8.

### 1. Plaintiff's risk is past and not imminent.

The Court has no hesitancy in concluding that Plaintiff's proposed Amended Complaint fails to allege an imminent risk of serious physical injury given that a total of three months passed between the last possible action complained of against the Defendants, i.e., October 2, 1015 (which is the date he was extradited to Virginia) and the earliest date he is deemed to have initiated the present lawsuit, i.e., January 6, 2016. Accordingly, we find that Plaintiff's danger of physical injury at the hands of the Defendants herein is clearly past and not imminent as of the filing of this suit in January, 2016. Abdul-Akbar v. McKelvie, 239 F.3d at 313 ("Someone whose danger has passed cannot reasonably be described as someone who 'is' in danger, nor can that past danger reasonably be described as 'imminent.'"). Instantly, Plaintiff's case is even weaker than the prisoner's case in Abdul-Akbar. Whereas a mere 31 days passed between the pepper spray incident and the prisoner's filing of his IFP application in Abdul-Akbar, here, Plaintiff waited for more than three months after the alleged wrongdoing by the Defendants had necessarily ended

6

given that Plaintiff was extradited out of state as of October 2, 2015.

### 2. Plaintiff's transfer to custody in Virginia renders his risk non-existent.

The fact of Plaintiff's transfer out of state renders Plaintiff's claim of any risk, yet alone, an imminent risk of serious physical injury at the hands of the Defendants herein, non-existent as a matter of law under Section 1915(g) because after the extradition to Virginia, Plaintiff was no longer subject to the control of these Defendants and thus, they cannot presently place him in any danger of physical injury, yet alone imminent danger of such because, even at the time of the initiation of this suit, on January 6, 2016, Plaintiff had already been free from the control of the Defendants for three months. See, e.g., McGore v. Lutz, No. No. 09-13031, 2009 WL 2488101, at *2 (E.D. Mich., Aug. 11, 2009) ("The events giving rise to Plaintiff's complaint, *i.e.*, the alleged failure to change his cell following a fellow inmate's threats in 2007 and the alleged verbal harassment in 2008, do not pose an imminent danger of serious physical injury, particularly given that Plaintiff has been transferred to another prison. Plaintiff has thus failed to show that he falls within the exception to the three-strikes rule."); Gamble v. Maynard, No. 9:06-CV-1543, 2008 WL 150364, at *5 (N.D.N.Y. Jan. 14, 2008) ("While plaintiff's complaint intimates that the matter was not an isolated incident [of assault by correctional officers], there is nothing in his complaint, particularly in view of the fact that he is no longer incarcerated at the facility at which the alleged assaults occurred, having since been transferred to the Southport Correctional Facility, to demonstrate that he is in imminent danger of serious physical injury."). See also Tucker v. McCauley, No. 09-CV-12757, 2010 WL 2884642, at *2 (E.D. Mich. Apr. 9, 2010), *report and recommendation adopted in relevant part, rejected in part on other grounds*, 2010 WL 2884641 (E.D. Mich. July 20, 2010) ("Shortly after his complaint was filed, Plaintiff was transferred to

Oaks Correctional Facility in Manistee, Michigan. Consequently, Plaintiff no longer receives treatment from the Defendants and any danger that the Defendants may have posed to the Plaintiff as a result of their alleged ongoing interference with doctor's orders no longer exists."); Reeves v. Wallington, No. 06-10326, 2007 WL 3037705, at *5 (E.D. Mich. Oct. 17, 2007) ("In order to be exempt from the 'three strikes' rule under § 1915(g), Plaintiff must have been under 'imminent danger of serious physical injury' at the time the Complaint initiating the lawsuit was filed, not at the time of the actionable events. Yet, when Plaintiff filed this case on January 24, 2006, he had already been transferred out of the Standish Maximum Correctional Facility (SMF) where the incidents at issue in this lawsuit are alleged to have occurred on December 7, 2005. The only Defendants remaining in this case are Deborah Wallington, Karen Kedron, and David Sivik, all of whom were and are employed at SMF and all of whom are being sued in their individual capacities. None of these three Defendants have had any interaction with Plaintiff since he was transferred out of SMF on December 20, 2005. None of these three Defendants have any control over Plaintiff, who as noted above, is now incarcerated at LMF in Munising, Michigan.") (citations and footnote omitted); Levesque v. Does, No. 1:14-CV-188, 2014 WL 4649956, at *3 (D. Vt. Sept. 16, 2014) ("Where a prisoner alleges inadequate medical care and is subsequently transferred to a different facility, an imminent danger no longer exists with respect to that defendant. For this reason, any claims against unnamed employees of Manhattan MDC, NWSCF Swanton, VT, or Strafford County House of Corrections do not meet the 'imminent danger' exception, because Mr. Levesque is no longer detained at any of those facilities."); Wallace v. Strength, No. CV 108-009, 2008 WL 2097146, at *3 (S.D. Ga. May 16, 2008) ("Nevertheless, because Plaintiff was transferred from the RCJ to the CBWDC prior to the commencement of this

action, his allegations concerning the conditions of confinement at the RCJ also fail to support a finding of 'imminent danger' at the time of filing this lawsuit.").

Because Plaintiff has failed to carry his burden to show that as of the filing of this lawsuit he was in imminent danger of serious physical injury, which would permit him to proceed IFP, the IFP motion should be denied.

## III. CONCLUSION

For the reasons set forth herein, it is recommended that the pending IFP Motion be denied. If the District Court adopts this recommendation, Plaintiff, of course, may thereafter pay the entire filing fee within a time certain or face dismissal of the Complaint for failure to prosecute.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely file objections will waive the right to appeal. <u>Brightwell v. Lehman</u>, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

/s/Maureen P. Kelly
MAUREEN P. KELLY
CHIEF UNITED STATES MAGISTRATE JUDGE

Date: July 19, 2016

cc: The Honorable Nora Barry Fischer
United States District Judge


CHRIS UMBERGER
SWVRJ 10708138
PO Box 535
Jaysi, VA 24256-0535